IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
HETTIE WISE,                              *
                                          *
          Plaintiff,                      *
                                          *
     v.                                   *
                                          *
THE KROGER CO. and/or A.B.C. that         *     CV 114-005
individual partnership or profit          *
corporation doing business as the         *
same on October 11, 2011 when             *
plaintiff fell at the Kroger store        *
located at Wrightsboro Road,              *
Augusta, Georgia,                         *
                                          *
          Defendant.                      *
                                          *
                                          *
```

**O R D E R**

Presently pending before the Court is Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. no. 11.) Defendant contends that there are no genuine issues of material fact requiring trial. Plaintiff has failed to respond to the motion,[1] so it is therefore deemed unopposed. LR 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). All material facts set forth in Defendant's Statement of the Material Facts are deemed admitted for the purpose of this motion because Plaintiff did not controvert them by filing her own statement of facts. LR 56.1, SDGa. ("All material facts set forth in the statement required to be served by the moving

---

[1] Plaintiff's response was due July 21, 2014. (Doc. no. 14.)

party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

Upon due consideration, this motion is hereby **GRANTED**.

## II. BACKGROUND

Plaintiff alleges that, on October 11, 2011, while shopping at the Kroger store located at 3435 Wrightsboro Road in Augusta, Georgia, she slipped and fell on a rug at the entrance of the doorway. (Compl. ¶ 2.) As set forth in Defendant's Statement of Material Facts, "[t]he floor mat on which the plaintiff tripped was laying flat on the floor, and was not puckered or balled up, as the plaintiff approached it...." (Doc. no. 11-2 ¶ 1.) Plaintiff's fall was caused by her own foot flipping the mat upwards. (Id. 2.)

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court,

2

by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). How to carry this burden depends on who bears the burden of proof at trial. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). When the non-movant has the burden of proof at trial, the movant may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrat[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a

3

directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of the Court gave Plaintiff notice of the motion for summary judgment and informed her of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. no. 14.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

## IV. DISCUSSION

The Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." Howard v. Gee, 539 F. App'x 884, 891 (11th Cir. 2013) (internal quotation marks omitted).

4

Under Georgia law, to recover for injuries sustained in a slip and fall, the plaintiff must prove: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997). "Whether a hazardous condition exists is the threshold question in a slip and fall case." Drew v. Istar Fin., Inc., 661 S.E.2d 686, 689 (Ga. Ct. App. 2008).

It is clear to the Court that no hazardous condition existed at the time of Plaintiff's fall. The mat on which she slipped was lying flat on the floor and her own foot caused the edge of the mat to flip up. Consequently, Plaintiff's claim fails and Defendant's motion for summary judgment is **GRANTED**.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. no. 11) is **GRANTED** and Plaintiff's claims should be **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this _18th_ day of September, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5